IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL ROSALEZ,

    Plaintiff,

v.                                                                                              No. 2:25-cv-01034-KRS

U.S. DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.

**ORDER FOR AMENDED COMPLAINT AND**
**NOTICE REGARDING CASE MANAGEMENT**

    Plaintiff, who is proceeding *pro se*, asserts a tort claim based on the VA Pharmacy issuing a medication on September 26, 2022 with wrong instructions resulting in injury to Plaintiff. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2-3, Doc. 1, filed October 17, 2025 ("Complaint"). Plaintiff states he was diagnosed with chronic diverticulosis/diverticulitis on November 2, he filed a tort claim in September 2024 and the VA offered Plaintiff a settlement in a letter dated April 17, 2025. *See* Complaint at 3.

    "The Federal Tort Claims Act [FTCA] ... provides generally that the United States shall be liable, to the same extent as a private party, 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Ecco Plains, LLC v. United States*, 728 F.3d 1190, 1195 (10th Cir. 2013) (quoting *Kosak v. United States,* 465 U.S. 848, 851–52 (1984) (quoting 28 U.S.C. § 1346(b)))).

    The Court must dismiss the Complaint for lack of subject matter jurisdiction because "[t]he United States is the only proper defendant in a federal tort claims action" and Plaintiff has not

named the United States; the only Defendant named in the Complaint is the United States Department of Veterans Affairs. *See Gaines v. Pearson*, 516 Fed. Appx. 724, 726 (10th Cir. 2013) (concluding that the district court lacked subject matter jurisdiction of plaintiff's [Federal Tort Claims Act] claim against the federal defendants; the United States is the only proper defendant and plaintiff had not named the United States) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001))).

The Court orders Plaintiff to file an amended complaint naming the United States as the only Defendant regarding Plaintiff's claim under the Federal Tort Claims Act. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Notice Regarding Case Management**

The Court notifies Plaintiff of the following regarding case management.

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Plaintiff has an obligation to prosecute his case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed. Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or

comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)))).

Plaintiff also has an obligation to serve Defendants. *ee* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service").

Finally, the Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint that complies with this Order. Failure to timely file an amended complaint may result in dismissal of this case.

IT IS SO ORDERED this 23rd of October, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE